**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**Andrew James,**

                               **Plaintiff,**

      vs.                                                    6:13-CV-1508

**George W. Bush, Sr.**

                              **Defendant.**

_____

**Thomas J. McAvoy,
Sr. U.S. District Judge**

## DECISION & ORDER

This *pro se* civil rights action pursuant to 42 U.S.C. § 1983 was referred to the Hon. Thérèse Wiley Dancks, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

The Report-Recommendation, dated December 20, 2013, granted Plaintiff's *in forma pauperis* application and recommended that the action be dismissed without leave to amend.

Plaintiff filed timely objections to the Report and Recommendation, essentially raising the same grounds for relief, on the same basis, as presented in his complaint.

When objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by

1

the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Having reviewed the record *de novo* and having considered the issues raised in the Plaintiff's objections, this Court has determined to accept the recommendation of Magistrate Judge Dancks for the reasons stated in the Report-Recommendation. Plaintiff's complaint seeks damages for wrongful conviction, wrongful imprisonment, and due process violations. His complaint admits, however, that his conviction has not been invalidated by any order or court. Under those circumstances, plaintiff could not prevail on his claims, and the Magistrate Judge properly recommended that the complaint be dismissed with prejudice. See Nelson v. Campbell, 541 U.S. 637, 646 (2004) (finding that a 42 U.S.C. "§ 1983 suit for damages that would 'necessarily imply' the invalidity of the fact of an inmates's conviction or 'necessarily imply' the invalidity of the length of inmate's sentence, is not cognizable under § 1983 unless and until the inmate obtains the favorable termination of a state, or federal habeas, challenge to his conviction or sentence.")(quoting Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364 (1994)).

It is therefore **ORDERED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Dated: February 11, 2014

Thomas J. McAvoy
Senior, U.S. District Judge